IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JASON BLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 8:10-cv-1508 |
| vs. ) | |
| ) | |
| HUNTER WARFIELD, INC., ) | |
| ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JASON BLOCK, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, HUNTER WARFIELD, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Maryland Consumer Debt Collection Act, ("MCDCA"), Md. Code, Com. Law § 14-201, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Great Mills, Maryland.

4.Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and a "person" as defined in Md. Code, Com. Law § 14-201(d), as he is a natural person allegedly obligated to pay a debt.

5.At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collector" within the meaning of Md. Code, Com. Law § 14-201(b), in that it held itself out to be a company collecting a consumer debt which was allegedly owed by Plaintiff.

6.On information and belief, Defendant is a corporation of the State of Maryland, which has its principal place of business in Bethesda, Maryland.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.Prior to September 17, 2008, Plaintiff rented an apartment in a complex known as the Greens at Hilton Run, 46860 Hilton Drive, Apt. 502, Lexington Park, Maryland.

8.On or about September 17, 2008, Plaintiff vacated the subject apartment. Prior to moving out of said apartment, Plaintiff paid his final balance due to the landlord in the amount of $146.85.

9.Despite the fact that Plaintiff vacated the subject apartment with no balance due, the landlord subsequently sought the assistance of Defendant in collecting an alleged debt from Plaintiff in the amount of $146.85 plus interest.

10.On or about June 1, 2009, representatives of Defendant began contacting Plaintiff in attempts to collect the aforementioned alleged debt, which amount had already been paid to the landlord nearly one year earlier.

11. On or about June 11, 2009, Plaintiff sent a letter to Defendant, seeking validation of the alleged debt. Defendant did not provide the requested validation of the alleged debt to Plaintiff until November 3, 2009.

12. Despite Plaintiff's request for validation of the alleged debt, Defendant continued in its attempts to collect the alleged debt, prior to providing validation of it to Plaintiff as he had requested. These further collection attempts include, but are not limited to, mailing a demand for payment to Plaintiff on or about June 15, 2009, and reporting the alleged debt on Plaintiff's Experian credit report in August and September of 2009.

13. Despite the fact that Plaintiff did not owe the alleged debt, as explained above, Defendant still reported it is a past-due collection on Plaintiff's Experian credit report.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Communicating credit information which was known or which should have been known to be false, in violation of 15 U.S.C. § 1692e(8);

    c. Continuing collection activities without providing verification/validation of the debt to Plaintiff after he requested verification/validation of the debt in writing, in violation of 15 U.S.C. § 1692g(b); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JASON BLOCK, respectfully prays for a judgment against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Maryland Consumer Debt Collection Act)

16. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the MCDCA in one or more of the following ways:

    a.    Disclosing information which affects the Plaintiff's reputation for credit worthiness with knowledge that the information is false, in violation of Md. Code, Com. Law § 14-202(3);

    b.    Claiming, attempting and/or threatening to enforce a right with knowledge that the right does not exist, in violation of Md. Code, Com. Law § 14-202(8); and

    c.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the MCDCA.

18. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JASON BLOCK, respectfully prays for a judgment against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122
(888) 595-9111, ext. 712 (phone)
(866) 382-0092 (facsimile)
mluxenburg@attorneysforconsumers.com